UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BORISLAV PROTSENKO (A240-389-122),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-07459-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen of Canada and a Ukrainian national who was lawfully admitted into the United States on July 24, 2018 pursuant to an E-2 nonimmigrant visa. ECF No. 1 at 8; ECF No. 5-2 (I-213 Form). His visa expired on July 23, 2020. ECF No. 5-2 at 3. Petitioner's wife, who is a U.S. citizen, filed an I-130 immigration petition on his behalf, which remains pending before the U.S. Citizenship and Immigration Services ("USCIS"). ECF No. 1-2 at 11; ECF No. 5-5 at 2 (indicating a pending I-130 is pending). If this I-130 petition is granted, Petitioner would

have the ability adjust his immigration status to become a lawful permanent resident. ECF No. 1 at 9.

On February 21, 2025, Petitioner was arrested by immigration officials and placed in removal proceedings under Section 237(a)(1)(B) of the Immigration and Nationality Act for remaining beyond the time permitted by his visa. ECF No. 1 at 8; ECF No. 5-1 at 1 (Administrative Arrest Warrant); ECF No. 5-10 (NTA). Petitioner was ordered to appear before an immigration judge ("IJ") on March 11, 2025. Id. After requesting a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a), an IJ ordered him released from immigration detention on a $5,000 bond. He posted the bond, and Immigration and Customs Enforcement ("ICE") released him on May 14, 2025. ECF No. 1 at 8. The IJ ordered him released despite two convictions for resisting an officer and driving under the influence of liquor and a conviction for driving on a suspended license. ECF No. 1-2 at 8 (Order of the IJ dated May 14, 2025); ECF No. 5-11 at (Rap Sheet).

ICE re-arrested Petitioner on February 17, 2026 via an administrative warrant after he was released from criminal custody at the Broward County Jail in Florida for battery on an officer and resisting police without violence. ECF No. 5-5 (I-213 dated February 16, 2026). An IJ denied Petitioner bond following a custody redetermination hearing on April 23, 2026, finding him an "extreme danger." ECF No. 5-8 at 3. Petitioner withdrew a separate request for a custody determination hearing on September 9, 2026. ECF No. 5-9.

On August 3, 2026, the battery on an officer charge was amended to misdemeanor battery. ECF No. 5-6 at 6-7. While still in ICE custody, Petitioner entered a no contest plea and had adjudication withheld on the two criminal charges. ECF No. 5-6 at 6; ECF No. 5-7. He was eventually transferred to the California City Immigration Detention Facility which is located in this judicial district. ECF No. 1 at 2.

Petitioner raises three separate claims for relief. ECF No. 1. First, Petitioner asserts that his detention violates the INA and its implementing regulations because his 2025 bond was never properly revoked pursuant to 8 U.S.C. § 1226(b) or 8 C.F.R. § 236.1(c)(9). ECF No. 1 at 9-19. In claim two, Petitioner contends that his Fifth Amendment right to procedural due process was

violated based on his re-detention without a pre-deprivation hearing. ECF No. 1 at 19-30. Finally, Petitioner submits that his detention of more than seven months has become unreasonably prolonged "further compounding the violation of his due process rights." Id. at 30. By way of relief, Petitioner seeks immediate release under the same conditions as his $5,000 monetary bond previously set by an immigration judge. ECF No. 1 at 32-33.

In their answer, Respondents assert that Petitioner is lawfully detained as a visa overstayer pursuant to 8 U.S.C. § 1226(a) and that an IJ has already denied him a bond pursuant to that statute after finding him a danger. ECF No. 5. Respondents further assert that the § 2241 petition should be denied because Petitioner has not exhausted his administrative remedies by appealing the IJ's bond denial. ECF No. 5 at 2.

Petitioner's reply brief emphasizes that the answer did not address the claim that Petitioner's re-detention without notice or a pre-deprivation hearing violated due process. ECF No. 8 at 1-2. Furthermore, Respondents did not identify any "decision lawfully revoking Petitioner's existing release[.]" ECF No. 8 at 2. Based on this lack of response, Petitioner "requests that the Court deem those claims essentially unopposed, reject Respondents' requests to dismiss or deny the Petition, grant the Petition, and order his immediate release." Id.

## II. Applicable Detention Statute

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

When the Attorney General releases a noncitizen pursuant to 8 USC § 1226(a), he may, at any time, "revoke a bond or parole authorized under subsection (a), rearrest the [noncitizen] under the original warrant, and detain the [noncitizen]." 8 USC § 1226(b). 8 C.F.R. § 236.1(c)(9) provides further guidance on release revocation under 8 USC § 1226(b):

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9) (emphasis added).

**III. Analysis**

Turning to the issue of the exhaustion of administrative remedies, Petitioner raises a due process challenge to his detention without affording him any pre-deprivation hearing. In light of this claim, the exhaustion of administrative remedies would be futile because the BIA does not have the authority to resolve constitutional challenges to immigration detention. See Matter of Fede, 20 I&N Dec. 35 (BIA 1989) (explaining why neither an IJ nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer); Matter of Fuentes-Campos, 21 I&N Dec. 905, 912 (BIA 1997) ("[E]ven if we were to perceive a constitutional infirmity in the unambiguous statute before us, we would be without authority to remedy it."). Therefore, the undersigned recommends that administrative exhaustion be prudentially waived in this case. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Respondents contend that Petitioner's new criminal charges constituted a change in circumstances warranting re-detention. Respondents' argument focuses on the substantive basis for re-detention while ignoring the procedures by which such re-detention occurred. The district judge assigned to this case has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the

government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. See Oliveira Tinoco v. Albarran, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5-7 (E.D. Cal. Oct. 1, 2026) (granting TRO and habeas relief on due process grounds where a noncitizen had overstayed his visa); Yang v. Warden, Cent. Valley Annex, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); Velasquez Leon v. U.S. Att'y Gen./ICE, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same). Petitioner not only falls within that group, but had also already been ordered released by an IJ. As a result, Petitioner's right to due process was violated when he was detained without such notice and a pre-deprivation hearing. Oliveira Tinoco, 2026 WL 2949219, at *6.

Regarding the remedy which attaches to this due process violation, the post-deprivation bond hearing was not a sufficient to address Petitioner's liberty interest in notice and a pre-deprivation hearing prior to the revocation of his government-sanctioned liberty. See Oliveira Tinoco, 2026 WL 2949219, at *6 (noting that "[p]re-deprivation hearings and post-deprivation custody redetermination hearings present starkly different situations."). Unless the government can show an exigent circumstance, Petitioner's recent arrest on criminal charges does not change the due process analysis in this case.[1] Here "there is no evidence, nor has respondent presented any argument, suggesting that there was 'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody." Hidalgo v. Warden, No. 1:26-cv-3511-DC-JDP, 2026 WL 1707795, *1 (E.D. Cal. June 12, 2026) (citations omitted). Accordingly, the undersigned recommends that the petition be granted and

---

[1] Petitioner's new charges were ultimately resolved by a no contest plea to a misdemeanor with a deferred adjudication, even though they were initially charged as felonies. See ECF No. 5-6 at 6; ECF No. 5-7. The ultimate disposition of the charges by the criminal court highlights the risk of an erroneous deprivation of liberty that can result when a pre-deprivation hearing is not provided to contest the nature and severity of the charges as they relate to flight risk and dangerousness. See Orozco-Salazar v. Warden Desert View Facility, No. 5:26-cv-04555-KES, 2026 WL 2497334 at *4 (C.D. Cal. Aug. 25, 2026) (emphasizing that "[r]equiring the government to [produce its evidence, if any, that the petitioner is a flight risk or danger] ... *before* [the petitioner]'s arrest gives him a meaningful opportunity to retain counsel and collect evidence. This is a significant procedural safeguard") (emphasis in original)).

Respondent be ordered to immediately release Petitioner.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claim two (due process) only.[2]

2. Respondents be ordered to immediately release Petitioner BORISLAV PROTSENKO (A240-389-122), from their custody subject to the prior conditions of his release that existed before his re-detention on February 17, 2026 absent any monetary bond.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. Respondents shall file a Notice of Compliance with the above provisions within 3 days from the date of this order.

5. The Clerk is directed to serve the California City Detention Facility with any order for release.

6. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

7. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

8. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties

---

[2] In the interests of judicial economy, the undersigned finds it unnecessary to address the remaining § 2241 claims based on the recommended relief contained herein.

have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE